## H. N. Lund, Plaintiff in Error, v. A. H. Zimmermann, Individually and as Trustee, Defendant in Error.

### Gen. No. 19,666. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed March 8, 1915. Rehearing denied March 22, 1915.

### Statement of the Case.

Action by H. N. Lund against A. H. Zimmermann as an individual and as trustee, upon a written transfer and assignment of all interest in certain property From a judgment of *nil capiat* in favor of defendant, plaintiff brings error.

On March 1, 1913 the Hildebrandt Fuel Company, being in financial trouble, executed a written assignment and transfer to defendant of all its assets consisting of accounts receivable, horses and wagons, tools and machinery, wood and lumber in a yard, other personal property and an interest in a certain lease, subject to the approval of its creditors. More than seventy-five per cent. in the amount of the creditors of the Company consented to such assignment. On March 15, 1913, upon plaintiff's paying defendant eight hundred dollars, Zimmermann executed the following instrument:

"Chicago, Mar. 15, 1913. In consideration of the sum of Eight Hundred Dollars ($800) in cash to me in hand paid, I hereby sell, transfer and assign all interest I now have or may have as Trustee or otherwise given to me under an assignment made by one H. Hildebrandt, Jr., on behalf of the H. Hildebrandt Fuel Company, and dated March 1st, 1913, and approved by the creditors of the said H. Hildebrandt Fuel Company; to all the property of the said Company, to one H. N. Lund. It is, however, understood that I do not in

any way represent or warrant that I have perfect title to said property, or that I can deliver perfect title or possession of same, except as is shown in the above named instruments, and the purchaser, H. N. Lund, hereby assumes all risks of loss and damage of any kind, nature or description. And it is further agreed that the only effect of this assignment is to transfer whatever title I now have or may have without question of legality or without any warranty on my part whatsoever. Witness my hand and seal this 15th day of March, A. D. 1913.''

A few days later the Hildebrandt Fuel Company filed a voluntary petition in bankruptcy. The action in question was instituted on April 4, 1913. It did not clearly appear whether Zimmermann took formal possession of the property assigned him. He and Lund went to the yard and examined and checked over the property.

FREDERICK SASS and DANIEL A. ROBERTS, for plaintiff in error.

BOYLE, MOTT & HAIGHT, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CHAMPERTY AND MAINTENANCE, § 5*—*when property not in adverse possession of another.* Where a corporation executed an assignment to a trustee with the consent of a majority of its creditors and the trustee made a written assignment of the property in question to plaintiff, after which the corporation filed a voluntary petition in bankruptcy in an action upon the trustee's transfer or assignment, *held* the facts did not bring the case within the rule that a sale of personal property in the adverse possession of another is void.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 97*—*where instrument inoperative as warranty.* In an action to recover upon a written transfer and assignment by a trustee of a corporation made

shortly before the filing of a voluntary petition of bankruptcy, *held* that the instrument sued on constituted neither a warranty nor a fraudulent misrepresentation, its effect being only to transfer whatever title the grantor had, the grantee expressly assuming all risks or loss.

## The A. H. Andrews Company, Defendant in Error, v. C. P. Lautenschlager, Plaintiff in Error.

### Gen. No. 20,008. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Charles A. Williams, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

### Statement of the Case.

Action by The A. H. Andrews Company, a corporation, against C. P. Lautenschlager to recover damages for breach of a written contract of purchase of seating for a theater. From a judgment in favor of plaintiff for $349.62, defendant brings error.

By written agreement defendant purchased and ordered from plaintiff seating for a theater to the number of 650 (more or less, according to plan) at $1.70 "per setting" according to the specifications attached to the contract and made a part thereof. By the original contract defendant also agreed to buy back approximately sixteen chairs at $1 per chair. Two days after the instrument was signed Lautenschlager went to plaintiff's office for the purpose, as he testified, of canceling the contract. With him was the representative of a rival seating concern, but that fact was not disclosed to plaintiff. Lautenschlager complained to Merle, secretary and general manager of the corporation, that the prices named in the instrument were too